**WELLS FARGO BANK, N.A., Trustee, Plaintiff,**

v.

**WEST COAST LIFE INSURANCE COMPANY, Defendant.**

Civil Action Nos.: 3:08–CV–1742–M, 3:08–CV–1743–M, 3:08–CV–1744–M, 3:08–CV–1745–M, 3:08–CV–1746–M, 3:08–CV–1747–M, 3:08–CV–1749–M, 3:08–CV–1846–M.

United States District Court, N.D. Texas, Dallas Division.

June 30, 2009.

---

Ernest Martin, Jr., Charles C. Keeble, Jr., Haynes & Boone LLP, Dallas, TX, John E. Failla, Lisa A. Bauer, Nathan Lander, Proskauer Rose LLP, New York, NY, for Plaintiff.

Michael D. Mulvaney, C. Andrew Kitchen, Maynard Cooper & Gale PC, Birmingham, AL, Michael Vincent Fitzpatrick, Roland K. Johnson, Harris Finley & Bogle, Fort Worth, TX, for Defendant.

## ORDER

BARBARA M.G. LYNN, District Judge.

Before the Court are the Motions to Transfer in Favor of Prior Pending Federal Lawsuit, and Alternative Motions to Stay or Dismiss, filed in the following cases (the "Wells Fargo cases"):

1. *Wells Fargo Bank N.A. v. West Coast Life Insurance Company,* 3:08–cv–1742–M [Docket Entry # 11];

2. *Wells Fargo Bank N.A. v. West Coast Life Insurance Company,* 3:08–cv–1743–M [Docket Entry # 11];

3. *Wells Fargo Bank N.A. v. West Coast Life Insurance Company,* 3:08–cv–1744–M [Docket Entry # 11];

4. *Wells Fargo Bank N.A. v. West Coast Life Insurance Company,* 3:08–cv–1745–M [Docket Entry # 11];

5. *Wells Fargo Bank N.A. v. West Coast Life Insurance Company,* 3:08–cv–1746–M [Docket Entry # 11];

6. *Wells Fargo Bank N.A. v. West Coast Life Insurance Company,* 3:08–cv–1747–M [Docket Entry # 11];

7. *Wells Fargo Bank N.A. v. West Coast Life Insurance Company,* 3:08–cv–1749–M [Docket Entry # 10];

8. *Wells Fargo Bank N.A. v. West Coast Life Insurance Company,* 3:08–cv–1846–M [Docket Entry # 13].

Having considered the Motions, the parties' briefing, and the applicable law, the Court finds that the Motions should be GRANTED, insofar as they request TRANSFER of these cases to the Southern District of Florida, where related Civil Action No. 08–80897 is pending before United States District Judge Kenneth L. Ryskamp.

■■■ Defendant West Coast Life Insurance Company ("West Coast") moves this Court to transfer the Wells Fargo cases to the United States District Court for the Southern District of Florida under the first-to-file rule. The first-to-file rule is a discretionary doctrine, about which the Fifth Circuit has stated:

> Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. The rule rests on principles of comity and sound judicial administration. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." [1]

The first-to-file rule is a forward-looking doctrine used to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." [2] Upon motion invoking the doctrine, the court must determine "the likelihood of substantial overlap" between the suit before it, and the suit previously filed.

■■■ The rule in the Fifth Circuit is that the court in which an action is first filed is the appropriate court to determine how subsequently filed cases, involving substantially similar issues, should proceed, if at all. "[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." [3] As a result, once a district court determines that issues in the suits

---

1. *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir.1999) (citations omitted) (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728 (5th Cir.1985)).

2. *Cadle Co.,* 174 F.3d at 606.

3. *Id.*

might substantially overlap, the proper course of action is for the court to transfer the case to the first-filed court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed.[4]

■ West Coast filed an action for declaratory judgment in the United States District Court for the Southern District of Florida on August 13, 2008 (the "West Coast suit"). The Wells Fargo cases were filed in the Northern District of Texas on October 1, 2008. This Court must determine if there is a likelihood of substantial overlap between the issues raised in the Wells Fargo cases, and the West Coast suit. If so, then this Court should transfer the Wells Fargo cases to the Florida district court for that court to determine how to proceed.

The Court finds that there is substantial overlap between the Wells Fargo cases and the West Coast suit, as the relief sought by the suits is the same. The West Coast complaint states:

An actual controversy exists between the parties as to whether the Policies are void ab initio because Insureds materially misrepresented the true facts in the Policies' applications and/or the Policies were procured by fraudulent means. Such misrepresentations and/or omissions constitute a failure of condition precedent for coverage under the Policies. Moreover, pursuant to state law, including Fla. Stat. § 627.409(1), the misrepresentations are grounds for rescission of the Policies. A declaratory judgment on this issue will completely resolve the controversy among the parties.[5]

The Wells Fargo Complaints before this Court state:

West Coast has attempted to rescind and cancel this Texas policy wrongfully, by filing suit in Florida, based on assertions of misrepresentations, fraud, and lack of an insurable interest. Plaintiff seeks a declaration that, under Texas law, West Coast may not rescind or cancel the policies on these grounds, that the application for the policy was truthful and correct, that any issues or concerns that West Coast may have were either known by or the action of West Coast's agent, and that the policy remains in full force and effect.[6]

In addition to seeking the same relief, the suits are based on the same life insurance policies, and the same facts surrounding the applications for these policies. The suits also involve many of the same parties, as all of the Plaintiffs in the Wells Fargo cases are named as defendants in the West Coast complaint, along with other defendants. Finally, the suits involve the same legal issues—the validity of the life insurance policies based on alleged misrepresentations in the applications, and based on the structure of the life insurance policies' ownership and transferability. Given these similarities, it is clear that the suits substantially overlap.

Wells Fargo appears to concede the relatedness of the actions, but argues that this Court should make an exception to the first-to-file rule because West Coast is engaging in impermissible "forum shopping," and is attempting to deprive Texas, the forum with the greatest interest in the litigation, of its ability to resolve the dispute. Wells Fargo also argues that it is the "true plaintiff," because it is the party attempting to enforce its contractual rights, and that West Coast is the true

**4.** *Id.*

**5.** *See* Southern District of Florida Complaint at 22.

**6.** *See* Northern District of Texas Complaints at 2.

defendant, acting as a plaintiff through the declaratory judgment statute. Therefore, Wells Fargo's forum selection should trump the first-to-file rule.

The Court finds these arguments to be without·merit.[7] Wells ·Fargo asserts the same "interests of justice" arguments relating to Texas's interest in the litigation in a motion to transfer, which is currently pending before the Florida district court in the related case. Such a motion is the proper course for handling a forum dispute, rather than filing a subsequent lawsuit based on the same facts and involving the same parties in a different forum in order to force a change of venue.

As the court in which the first suit was filed, the Florida district court is entitled to determine which forum should hear this dispute. It may grant the motion to transfer to the Northern District of Texas if it agrees that the interests of justice so mandate. The Florida court is also fully capable of applying Texas law to the legal issues in the suits, if it determines that such choice of law is appropriate. The instant case is a classic example of the duplicative and inefficient expenditure of judicial resources that occurs when more than one court is asked to hear the same dispute, and this Court will not further perpetuate such waste by maintaining these suits in the Northern District of Texas.

In short, this Court's analysis is limited to which suit was filed first, and whether substantial overlap between the suits exists. Finding that it does, this Court hereby GRANTS the Motions to Transfer the Wells Fargo cases to the Southern District of Florida for further disposition.

The Court further finds that consolidation of the Wells Fargo cases is proper under Federal Rule of Civil Procedure 42(a), which states: "If actions before the court involve a common question of law or fact, the court may ... consolidate the actions." Accordingly, Civil Action Nos. 3:08–CV–1743–M, 3:08–CV–1744–M, 3:08–CV–1745–M, 3:08–CV–1746–M, 3:08–CV–1747–M, 3:08–CV–1749–M, and 3:08–CV–1846–M shall be consolidated with Civil Action No. 3:08–CV–1742–M. Pursuant to N.D. Tex. Civ. R. 42.1, all pleadings, motions, or other papers will be filed in Civil Action No. 3:08–CV–1742–M, and bear

---

7. The Court notes that its ·decision in *Paragon Industries, L.P. v. Denver Glass Machinery, Inc.,* No. 3:07–CV–2183, 2008 WL 3890495 at *5 (N.D.Tex. Aug. 22, 2008) (Lynn, J.) is distinguishable from the instant case. In *Paragon,* this· Court de̐cided the defendant's motion to transfer under 28 U.S.C. § 1404(a), and granted the transfer on the grounds that the plaintiff anticipatorily filed suit in Texas. The Court's decision was based on the presence of pre-litigation communications that alerted the plaintiff to the possibility of suit. Specifically, the Court found that Paragon filed the lawsuit before its deadline to respond to Denver Glass's demand to desist infringing activities had expired. As a result, the nature of the anticipatory declaratory judgment action devalued Paragon's choice of forum, which justified transfer to the defendant's choice of forum as the true plaintiff. The same facts are not present in this case. Both the Wells Fargo complaints and the West Coast action seek a declaration regarding the validity of the life insurance policies, and both allege that they are victims of the other party's wrongful actions. Unlike *Paragon,* there is no clear "true plaintiff" or "true defendant" in these cases. There is also no evidence that West Coast knew that Wells Fargo intended to file suit in Texas, and raced to the Florida courthouse to defeat its ability to do so. Finally, *Paragon* decided a motion to transfer filed under 28 U.S.C. § 1404(a). It did *not* decide between two competing lawsuits as the instant Plaintiff is asking this Court to do. Wells Fargo's pending motion to transfer in the Florida court seeks the same relief as the defendant in *Paragon,* and if the Florida court determines that the suit should be heard in Texas in the interests of justice, it can grant the motion to transfer and make it so.

only the caption of that case, together with the legend required by Rule 42.1.